UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR DANIEL CARTEE,<br>Booking No. 17-7267,<br><br>         Plaintiff,<br><br>vs.<br><br>IMPERIAL COUNTY SHERIFF'S DEPARTMENT,<br><br>         Defendant. | Case No.: 3:18-cv-00327-CAB-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 5]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

  TREVOR DANIEL CARTEE ("Plaintiff"), currently detained at the Imperial County Jail ("ICJ"), and proceeding pro se, has filed a single-paged civil rights complaint pursuant to 42 U.S.C. § 1983, which while not altogether clear, appears to allege that he was assaulted by unidentified Imperial County Sheriff's Department officials on an unspecified occasion and "refused medical attention." *See* Compl., ECF No. 1 at 1.

  Plaintiff has also filed two supplemental documents, which the Court has accepted for filing in light of Plaintiff's pro se status, and despite violation of S.D. Cal. CivLR

83.9, which prohibits ex parte communications. *See* ECF Nos. 3, 7. In the first, Plaintiff claims his public defender is ineffective, his mother is suffering from lung cancer, the Judges in Imperial County are "not helping or doing their job properly," investigating agents have "fabricated" reports in his case, and he is "innocent and a victim of police brutality." *See* ECF No. 3 at 1-2.

In the second, Plaintiff continues to claim he has been "wrongfully incarcerated" at the ICJ since November 30, 2017, and he explicitly seeks to have his pending criminal proceedings "dropped and dismissed" because his "civil rights are being violated over and over." *See* ECF No. 7 at 1-3. Specifically, Plaintiff claims a Narcotic Task Force Gang Unit Agent "tried to kill" him and committed perjury "during live court," *id.* at 1-4, an El Centro Police Officer "sexually harassed" his girlfriend, *id.* at 2, and that he has been "targeted by … local law officials" ever since a member of the Holtville Sheriff's Department beat and "tased" him during a previous arrest in June 2014. *Id.* at 4-6.

He requests "release from [his] illegal detention," an "expungement of records," and that "something [be] done about all this injustice here in Imperial County." *Id.* at 6, 7.

## I. Procedural History

At the time he filed his Complaint, Plaintiff did not prepay the filing fee mandated by 28 U.S.C. § 1914(a). Therefore, on March 13, 2018, the Court dismissed his case, but granted Plaintiff leave to either pay the full filing fee, or file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 4 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (a civil action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)).

Plaintiff was also cautioned that should he elect to proceed IFP, he would "remain obligated to pay the entire filing fee in increments" pursuant to 28 U.S.C. § 1915(b)(1), because he is a prisoner and regardless of whether his Complaint was dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and/or U.S.C. § 1915A(b). *See id.,* ECF No. 4 at 2-3 & n.1.

On March 29, 2018, Plaintiff elected to proceed by filing an IFP Motion. *See* ECF No. 5.

**II.     Motion to Proceed In Forma Pauperis**

As Plaintiff now knows, to institute a civil action, he must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because he is a prisoner, even if he is granted leave to proceed IFP, Plaintiff remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) (hereafter *"King"*). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a Prison Certificate issued by an ICJ Correctional Officer attesting to his trust account activity and balances for the 6-month period preceding the filing of his Complaint. *See* ECF No. 5 at 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows that Plaintiff has carried a $0.85 average monthly balance, has had an average $0.85 monthly deposit to his account, and an available balance of $0.85 on the books at the time of filing. *See* ECF No. 5 at 2. Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 5), and assess an initial partial filing of $0.17 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Corrections Chief Deputy of the ICJ, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court by the ICJ, and any subsequent "agency having custody of the prisoner," pursuant to 28 U.S.C. § 1915(b)(1) and (2).

**III.  Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

  A.  <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

| | |
|---|---|
| 1 | (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. |
| 2 | 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that |
| 3 | the targets of frivolous or malicious suits need not bear the expense of responding.'" |
| 4 | *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford* |
| 5 | *Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). |
| 6 | "The standard for determining whether a plaintiff has failed to state a claim upon |
| 7 | which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of |
| 8 | Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 |
| 9 | F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th |
| 10 | Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard |
| 11 | applied in the context of failure to state a claim under Federal Rule of Civil Procedure |
| 12 | 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, |
| 13 | accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, |
| 14 | 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. |
| 15 | Detailed factual allegations are not required, but "[t]hreadbare recitals of the |
| 16 | elements of a cause of action, supported by mere conclusory statements, do not suffice." |
| 17 | *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for |
| 18 | relief [is] . . . a context-specific task that requires the reviewing court to draw on its |
| 19 | judicial experience and common sense." *Id.* The "mere possibility of misconduct" or |
| 20 | "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting |
| 21 | this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 |
| 22 | (9th Cir. 2009). |
| 23 | B. <u>Plaintiff's Allegations</u> |
| 24 | As noted above, while Plaintiff's initial Complaint invokes 42 U.S.C. § 1983 as the |
| 25 | jurisdictional basis for his suit, *see* Compl., ECF No. 1 at 1, neither his initial Complaint |
| 26 | nor his subsequent pleadings set forth any "short and plain statement of the claim |
| 27 | showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* ECF Nos. 3, 7. |
| 28 | /// |

As best the Court can decipher, Plaintiff appears to be challenging the constitutional validity of his arrest and ongoing state criminal proceedings in Imperial County. Indeed, the relief he seeks is "release from illegal detention." *See* ECF No. 7 at 6.

C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. Discussion

First, Plaintiff has named only the "Imperial County Sheriff's Department" as a Defendant. However, departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement department (like the Imperial County Sheriff's Department) is not a proper party. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The Sheriff's Department is managed by and/or a department of the County of Imperial, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784,

791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the Sheriff's Department. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

     To the extent Plaintiff intends to assert a claim against the County of Imperial itself, his allegations are also insufficient. A municipal entity is liable under section 1983 only if Plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of Imperial may not be held vicariously liable under section 1983 simply based on allegedly unconstitutional acts of its employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts the injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

Finally, Plaintiff may not use the Civil Rights Act, 42 U.S.C. § 1983, as a vehicle by which to enjoin ongoing state criminal proceedings. Federal courts may not interfere with ongoing state criminal, quasi-criminal enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Sprint Communications, Inc. v. Jacobs*, __ U.S. __, 134 S. Ct. 584, 591 (2013); *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018), *pet. for cert. filed*, (U.S. April 30, 2018) (No. 17-1487); *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

A court may consider sua sponte whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Augustin v. Cnty. of Alameda*, 234 Fed. Appx. 521 (9th Cir. 2007)); *Salmons v. Oregon*, No. 1:17-CV-01104-MC, 2017 WL 3401270, at *5 (D. Or. Aug. 8, 2017). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

Here, Plaintiff alleges his Imperial County criminal proceedings commenced as the result of his arrest on November 20, 2017, and were still ongoing at the time he filed his Complaint and subsequent pleadings. *See* Compl., ECF No. 1 at 1; ECF No. 3 at 1; ECF No. 7 at 1. State proceedings are deemed ongoing until appellate review is completed. *See Gilbertson,* 381 F.3d at 969 n.4 (citation omitted); *Huffman v. Pursue*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of *Younger* is that a party ... must exhaust his state appellate remedies before seeking relief in the District Court.").

Moreover, there is no question that whatever the specific nature of Plaintiff's current criminal charges, they implicate important state interests, and "involve [the] state's interest in enforcing orders and judgments of its courts." *Sprint*, 134 S. Ct. 593-94; *ReadyLink*, 754 F.3d at 759. Specifically, Plaintiff requests that all his Imperial County "criminal charges … be dismissed" based on "outrageous police conduct," and that he be "release[d] from illegal detention." *See* ECF No. 7 at 6. But these are the type of claims and relief the state courts afford an adequate opportunity to raise on direct appeal, or via a writ of mandate in the state's courts. *See, e.g., San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose,* 546 F.3d 1087, 1095 (9th Cir. 2008); *Clark v. Lassen Cnty Justice Court*, 967 F.2d 585 at *1 (9th Cir. 1992) (sua sponte dismissing federal civil action challenging state court's bail determinations as frivolous pursuant to 28 U.S.C. § 1915(d) [currently codified at 28 U.S.C. § 1915(e)(2)(B)(i)] as barred by *Younger*).

Because "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction ... until after the jury comes in, judgment has been appealed from and the case concluded in the state courts," *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972), *Younger* abstention is required here. *ReadyLink*, 754 F.3d at 759; *see also Rivera v. Gore*, No. 3:17-CV-02225-WQH-NLS, 2018 WL 1001252, at *6 (S.D. Cal. Feb. 21, 2018) (sua sponte dismissing pretrial detainee's § 1983 claims requesting the "dismissal" of an ongoing criminal proceeding and the "reduction of the bail" on *Younger* abstention grounds).

Thus, for all these reasons, Plaintiff's case must be dismissed sua sponte based on his failure to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

///
///
///

## IV. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 5).

2. **DIRECTS** the Corrections Chief Deputy of ICJ, or his designee, and any "agency having custody" of Plaintiff to collect from his trust account the $0.17 initial partial filing fee assessed by the Order, and to garnish the remainder of the $350 filing fee owed in this case in monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Robert Cortez, Corrections Chief Deputy, Imperial County Sheriff's Office, P.O. Box 1040, El Centro, California 92244.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted, if he can. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on his failure to state a

claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 24, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge