UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR DANIEL CARTEE, Booking #17-7267,<br><br>Plaintiff,<br><br>vs.<br><br>IMPERIAL COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | Case No. 3:18-cv-00327-CAB-AGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

TREVOR DANIEL CARTEE ("Plaintiff"), while detained at the Imperial County Jail in El Centro, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on February 9, 2018, followed by two ex parte documents in which he objected to various aspects of his pending criminal proceedings in Imperial County Superior Court. *See* ECF Nos. 1, 3, 7. His pleadings sought "release from [his] illegal detention," and this Court's intervention in the "injustice" he claims to have faced in Imperial County. *See* ECF No. 7 at 6, 7.

**I.      Procedural History**

On May 29, 2018, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"), but dismissed his Complaint sua sponte for failing to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 8. Plaintiff was informed of his pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them. *Id.* at 6-11. Further, Plaintiff was cautioned his failure to amend would result in the dismissal of his case. *Id.* at 10-11, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Almost two months have passed since the Court's May 29, 2018 Order, and Plaintiff's Amended Complaint was due on or before July 13, 2018. But to date, Plaintiff has failed to amend, and has not asked for an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's May 29, 2018 Order (ECF No. 8).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: July 27, 2018

Hon. Cathy Ann Bencivengo
United States District Judge